**E-FILED on**     11/5/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRIA L. NOBLEZA, JEROME F. HARBINSON, and JOHN D. BURNS,<br><br>  Plaintiffs,<br><br>  v.<br><br>MACY'S, INC., MACY'S INC. PENSION AND PROFIT SHARING ADMINISTRATIVE COMMITTEE, THE MACY'S INC. BOARD OF DIRECTORS, KAREN M. HOGUET, DAVID W. CLARK, STEPHEN J. O'BYRAN, ROBERT G. ZIMMER, TERRY J. LUNDGREN, MEYER FELDBERG, SARA LEVINSON, JOSEPH NEUBAUER, JOSEPH A. PICHLER, JOYCE M. ROCHE, KARL M. VON DER HEYDEN, CRAIG E. WEATHERUP, MARA C. WHITTINGTON, WILLIAM STIRITZ, DOE DIRECTOR DEFENDANTS NUMBER 1-25, and DOE COMMITTEE DEFENDANTS NUMBER 1-25,<br><br>  Defendants. | No. C-10-02064 RMW<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[Re Docket No. 35] |

Defendants move to dismiss the amended complaint. For the reasons set forth below, the court grants the motion and dismisses the amended complaint with leave to amend.

## I. BACKGROUND

Named plaintiffs Patria L. Nobleza, John D. Burns, and Jerome F. Harbinson were employed by companies that were later acquired by Macy's, Inc. ("Macy's"). Am. Compl. ¶¶ 13, 19, 26, 31-51. As a result of these acquisitions, the employee benefit pension plans at their former companies were merged into the Macy's, Inc. Cash Account Pension Plan ("Plan"). *Id.* ¶¶ 52-59. Each of the named plaintiffs was a participant in one or more employee benefit pension plans that were merged into the Plan. *Id.* ¶¶ 6-8. In order to begin receiving pension benefits, plaintiffs were required to apply for benefits. *See id.* ¶¶ 2, 14. However, the plaintiffs lacked knowledge either as to their eligibility for pension benefits or as to which entity was responsible for paying their benefits. *Id.* ¶¶ 17, 20, 29. Plaintiffs allege that Macy's failed to take reasonable efforts to locate them and to inform them that they were eligible to receive benefits from the Plan. *Id.* ¶¶ 17, 23, 28, 78.

Plaintiffs seek to bring a class action suit against Macy's, Macy's, Inc. Pension and Profit Sharing Administrative Committee ("Pension Committee"), Macy's Board of Directors ("Board of Directors"), and various individuals, based on Macy's failure to locate and notify named plaintiffs and those similarly situated that they are entitled to receive benefits from the Plan. They have proposed the following class definition:

> All persons who were participants in, or beneficiaries of, pension plans that have been merged into, and therefore have pension benefits payable under, the Plan, and who have reached age 68 but have not been notified by the Pension Committee, Macy's, or any other representative of the Plan since reaching age 68 with regard to their right to begin receiving pension benefits under the Plan.

According to the amended complaint, the proposed class includes a "significant number of Plan participants [who] are not receiving their vested pension benefits to which they are entitled . . . [because they] are either unaware that they are entitled to pension benefits or, if they are aware of their benefits, that the Plan is the entity responsible for payment of those benefits." *Id.* ¶ 2. Plaintiffs seek an order from the court requiring defendants: (1) to make reasonable efforts to locate Plan participants who have not applied for benefits by age 68, (2) to petition the Internal Revenue Service ("IRS") to waive any tax penalties resulting from participants' failure to commence pension benefit payments by age 70 ½ and to pay for such fines if the petition is denied, and (3) to generate

ORDER GRANTING MOTION TO DISMISS—No. C-10-02064 RMW
CCL                                                                2

an accounting identifying class members, their benefits, and any profits obtained by Macy's or Plan fiduciaries from use of Plan assets.

## II. ANALYSIS

Plaintiffs bring suit under Sections 502(a)(2) and 503(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* ¶ 1. Defendants contend that plaintiffs have failed to state a claim under either section. The court agrees for the reasons set forth below.

### A. Section 502(a)(2)

Section 502(a)(2) allows the Secretary of Labor, participants, beneficiaries, and fiduciaries to bring suit for breaches of fiduciary duty. 29 U.S.C. § 1132(a)(2). The purpose of Section 502(a)(2) is to "give[] a remedy for injuries to the ERISA plan as a whole . . . not for injuries suffered by individual participants as a result of a fiduciary breach." *Wise v. Verizon Commc'ns Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010). After considering both the statutory language in ERISA and its legislative history, the Supreme Court concluded that ERISA's "draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 141 (1985). In particular, the Court noted that "the crucible of congressional concern was misuse and mismanagement of plan assets by plan administrators" and that "the common interest shared by all four classes [who may bring suit under Section 502(a)(2)] is in the financial integrity of the plan." *Id.* at 140 n.8, 141 n.9. Accordingly, in order to state a claim for fiduciary breach under Section 502(a)(2), one "must allege that the fiduciary injured the benefit plan or otherwise jeopardized the entire plan or put at risk plan assets." *Wise*, 600 F.3d at 1189.

Plaintiffs have failed to state an injury to the Plan as a whole and thus have not adequately pled a Section 502(a)(2) claim for breach of fiduciary duty. According to plaintiffs, the Plan has been injured by defendants' failure to notify individuals who are entitled to benefits but have not applied for them by age 68 of their eligibility because this inaction "frustrate[s] the purpose of the Plan." Am. Compl. ¶ 78. Certainly, the purpose of any pension plan is to provide benefits to its participants, and this purpose is frustrated when obstacles, such as participants not realizing that they are eligible for benefits, prevent benefits from reaching one or more participants. However, even assuming the reason a sizeable number

1  of Plan participants fail to apply for benefits by age 68 is their lack of awareness regarding their
2  eligibility for benefits,[1] the result is injury to these individual participants rather than injury to the plan
3  as a whole.  *See Amalgamated Clothing & Textile Workers Union v. Murdock*, 861 F.2d 1406, 1414 (9th
4  Cir. 1988) ("while mistakes in handling one claim may interfere with one person's benefits under a plan,
5  they do not jeopardize the entire plan or put at risk plan assets, which must be safeguarded to protect
6  all beneficiaries").

7  Plaintiffs contend that plan assets are being misused because they are being hoarded rather than
8  distributed, which benefits Macy's and harms the participants.  *See* Dkt. No. 37 at 13.  However, this
9  is true whenever a pension fund fails to pay out benefits to individuals who are entitled to receive
10 benefits.  The Ninth Circuit has clearly distinguished between the failure to pay benefits and the misuse
11 of plan assets.  *See Amalgamated*, 861 F.2d at 1414 (contrasting the "clear expression of concern
12 regarding the handling of plan assets" and the absence of equal concern regarding "handling of
13 individual benefit claims"); *see also Wise*, 600 F.3d at 1189 (holding that mishandling of an individual
14 claim is insufficient to state a claim for fiduciary breach).  Plaintiffs have failed to allege any facts
15 suggesting that the Plan's assets have been misused or that the financial integrity of the Plan has
16 otherwise been jeopardized.  Because plaintiffs have failed to state an injury to the Plan as a whole, the
17 court dismisses their claim for breach of fiduciary duty under Section 502(a)(2).

18 **B.    Section 502(a)(3)**

19 Section 502(a)(3) allows a participant, beneficiary, or fiduciary to bring a civil action "(A) to
20 enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to
21 obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of
22 this title or the terms of the plan." 29 U.S.C. § 1132 (a)(3).  In their prayer for relief, plaintiffs seek an
23 order from the court requiring defendants: (1) to make reasonable efforts to locate Plan participants who
24 have not applied for benefits by age 68, (2) to petition the IRS to waive any tax penalties resulting from

---

[1] Interestingly, in defending their selection of age 68 rather than age 65 as triggering a fiduciary duty to locate and notify, plaintiffs take the position that failing to notify Plan participants of their eligibility at age 65 does *not* frustrate the purpose of the Plan.  *See* Dkt. No. 37 at 19.  Plaintiffs appear to acknowledge that since Plan participants may intentionally choose not to apply for benefits as soon as they become eligible (at age 65), one cannot assume that their failure to apply for benefits is due to not being aware of their eligibility.  Yet the same is true at age 68.

ORDER GRANTING MOTION TO DISMISS—No. C-10-02064 RMW
CCL                                                          4

1 participants' failure to commence pension benefit payments by age 70 ½ and to pay for such fines if the
2 petition is denied, and (3) to generate an accounting identifying class members, their benefits, and any
3 profits obtained by Macy's or Plan fiduciaries from use of Plan assets.  Defendants argue that, for each
4 form of requested relief, plaintiffs fail to meet either the statutory requirements of Section 502(a)(3) or
5 the constitutional requirements for standing.  The court thus considers each type of requested relief.

### 1. **Locator Efforts**

7      In order to meet the constitutional standing requirements: (1) a plaintiff must have suffered an
8 injury in fact; (2) there must be a causal connection between the injury and the conduct complained of;
9 and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a
10 favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A court order requiring
11 defendants to make reasonable efforts to locate Plan participants so as to notify them of their eligibility
12 for benefits under the Plan fails to meet the redressability requirement for constitutional standing.  As
13 defendants point out, named plaintiffs are already aware of their alleged entitlement to benefits from the
14 Plan and thus would not benefit from such locator efforts.

15      Plaintiffs argue that they nonetheless may proceed because the alleged fiduciary breach is
16 "capable of repetition, yet evading review."  *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir.
17 1985).  When an action is capable of repetition, yet evading review, and there is a reasonable
18 expectation that the same complaining party would be subjected to the same action again, there is an
19 exception to the mootness doctrine.  *Id.*  In this case, however, named plaintiffs cannot show that they
20 are likely to be harmed again by the same alleged fiduciary breach – Macy's failure to notify them of
21 their eligibility for benefits under the Plan.  Although other Plan participants could face future harm,
22 the "capable of repetition, yet evading review" exception requires continuity of identity for the
23 complaining party and thus does not apply here.  *Id.*

### 2. **Payment of Tax Penalties**

25      The amended complaint alleges that named plaintiff Harbinson was born in 1936, that he became
26 eligible to receive benefits under the Plan in 2001, that the delay in distribution of pension benefits to
27 him was caused by his not knowing that he was eligible to receive benefits under the Plan, and that he
28 "will be subject to severe tax penalties imposed on individuals who fail to take receipt of their vested

ORDER GRANTING MOTION TO DISMISS—No. C-10-02064 RMW
CCL                                                                 5

1 pension benefits by the end of the year in which they attain age 70 ½." Am. Compl. ¶¶ 29, 30. These
2 allegations are sufficient for one to reasonably infer that Harbinson's injury from the alleged fiduciary
3 breach would be redressed by a court order requiring defendants to pay for tax penalties resulting from
4 Plan participants' failure to commence pension benefit payments by age 70 ½. However, the Ninth
5 Circuit has held that money damages, such as recovery for tax losses, are outside the scope of the
6 "appropriate equitable relief" that may be obtained under Section 502(a)(3). *Farr v. U.S. West*
7 *Commc'ns, Inc.*, 1998 U.S. App. LEXIS 38509, at *22-23 (9th Cir. June 15, 1998). Thus, the court may
8 not require payment of tax penalties as requested.

### 3. Petitioning the IRS

Unlike payment of tax penalties, requiring defendants to petition the IRS to waive such tax penalties appears to be a remedy within the scope of "appropriate equitable relief" that may be obtained under Section 502(a)(3). However, this form of relief is insufficient to provide plaintiffs with constitutional standing. In order for the alleged injury (tax penalties) to be redressed by a court order requiring defendants to petition the IRS for a waiver of tax penalties, the IRS must grant the petition. Thus, in order for named plaintiff Harbinson (the only named plaintiff alleged to be subject to tax penalties) to have constitutional standing, the complaint must allege facts showing that it is "likely," not merely "speculative," that the IRS would grant a petition by defendants to waive tax penalties. *Lujan*, 504 U.S. at 560. The amended complaint does not contain any allegations suggesting that it is likely, as opposed to merely speculative, that defendants' petition for a waiver of tax penalties would be granted. To the contrary, the fact that the prayer for relief seeks payment of tax fines by defendants "in the event that petition is denied" implies that plaintiffs themselves are concerned that such a petition may be denied. Because the decision to grant or deny the waiver request will be made by the IRS, and plaintiffs have not shown that the IRS is likely to grant such a request, it remains speculative whether plaintiffs would benefit from a favorable outcome in this action. "There is no redressability, and thus no standing, where . . . any prospective benefits depend on an independent actor who retains broad and legitimate discretion the courts cannot presume either to control or to predict." *Glanton v. AdvancePCS, Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006) (internal quotations omitted).

ORDER GRANTING MOTION TO DISMISS—No. C-10-02064 RMW
CCL                                                                6

### 4. Accounting

Plaintiffs also request a court order requiring defendants to generate a fiduciary accounting that identifies class members and their benefits as well as the profits obtained by Macy's and any Plan fiduciary through the use of Plan assets. Plaintiffs have not shown how such an accounting would redress any alleged injury, particularly in light of their position that their claims for breach of fiduciary duty are not claims for benefits. *See* Dkt. No. 37 at 15-17.

Because none of the requested remedies satisfies both the statutory requirements of Section 502(a)(3) and the constitutional requirements for standing, the court dismisses plaintiffs' claim under Section 502(a)(3) as well. In their motion to dismiss, defendants also present various additional independent grounds for dismissing plaintiffs' claims. The court briefly addresses them below.

### C. Count One – Breach of Fiduciary Duty of Prudence and Loyalty Claim

Defendants argue that plaintiffs have failed to allege facts that give rise to a fiduciary duty to locate Plan participants who had reached age 68 and had not yet applied for benefits and to notify them of their eligibility for benefits. The court agrees. Moreover, if there were any such fiduciary duty to locate and notify Plan participants of their eligibility, the fiduciary would seemingly be required to provide such notice when Plan participants first become eligible to receive benefits at age 65, not at age 68, so that they may apply for benefits immediately if they wish to do so.

### D. Count Two – Prohibited Transaction Claim

ERISA prohibits plan fiduciaries from causing a plan to engage in a transaction "if he knows or should know that such transaction constitutes a direct or indirect . . . transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan." 29 U.S.C. § 1106(a)(1)(D). Plaintiffs allege that defendants violated this prohibition by causing the Plan to retain assets that should have been distributed to Plan participants, thereby reducing the amount of money Macy's was required to contribute to the Plan and inflating Macy's balance sheet. While plaintiffs have alleged use of Plan assets for the benefit of Macy's, they have failed to allege the requisite transaction. The only transaction that plaintiffs point to is the transfer of assets from Macy's to the Plan when Macy's makes contributions to the Plan. However, this transfer of assets from Macy's to the Plan does not constitute a direct or

indirect use of Plan assets for the benefit of Macy's. Therefore, plaintiffs have failed to state a prohibited transaction claim.

### E. Count Three – Breach of Duty to Monitor Claim

The Board of Directors appointed the members of the Pension Committee pursuant to the discretionary authority granted to them under the terms of the Plan. Plaintiffs allege that the Board of Directors and its individual members breached their fiduciary duty to monitor the Pension Committee's activities and thus seek to hold them liable for the failure to locate and notify Plan participants of their eligibility to receive benefits and for the resulting "hoarding" of Plan assets for the benefit of Macy's. For the same reasons set forth above, this claim fails. This claim also fails because the amended complaint does not allege any facts suggesting that the Board of Directors did not adequately review the performance of Pension Committee members. The parties agree that the fiduciary duty of the Board of Directors is limited to a duty to select appropriate Pension Committee members and to monitor the Pension Committee's actions. *See Leigh v. Engle*, 727 F.2d 113, 135 (7th Cir. 1984). The amended complaint contains no factual allegations suggesting a breach of this limited fiduciary duty. Therefore, plaintiffs have failed to state a breach of duty to monitor claim.

## III. ORDER

For the foregoing reasons, the court dismisses the amended complaint with leave to amend within 20 days. The court hereby schedules a case management conference at 10:30 a.m. on February 4, 2011.

DATED:     11/5/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO DISMISS—No. C-10-02064 RMW
CCL                                8